UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

PEARSON EDUCATION, INC.,                :
JOHN WILEY & SONS, INC.,                :
THOMSON LEARNING INC., AND              :
THE McGRAW-HILL COMPANIES, INC.,        :

                Plaintiffs,     :

     -against-                         :

LEI ZHANG D/B/A HARVARD BOOK AND        :
JOHN DOES NOS. 1-5,                     :

            Defendants.    :

- - - - - - - - - - - - - - - - - -x



JUDGE CASEY

07 CV 1738

07 Civ.

RECEIVED
FEB 2 8 2007
U.S.D.C. S.D. N.Y.
CASHIERS

COMPLAINT

    Plaintiffs Pearson Education, Inc. ("Pearson"), John
Wiley & Sons, Inc. ("Wiley"), Thomson Learning Inc. ("Thomson")
and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their
undersigned attorneys, for their complaint against defendants Lei
Zhang d/b/a Harvard Book and John Does Nos. 1-5, aver:

### Nature of the Action

    1.   Plaintiffs are bringing this action to obtain
legal and equitable relief to remedy defendants' infringement of
plaintiffs' copyrights and trademarks through their sales of
electronic copies of plaintiffs' instructors' solutions manuals.

### Jurisdiction and Venue

    2.   This Court has subject matter jurisdiction over
the first three claims in this action pursuant to 28 U.S.C.

§§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq. or the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the fourth claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.    Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

<u>Parties</u>

4.    Pearson is a corporation organized and existing under the laws of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5.    Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

6.    Thomson is a corporation organized and existing under the laws of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

7.    McGraw-Hill is a New York corporation with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

8.   Upon information and belief, defendant Lei Zhang resides at 2200 Waterview Pkwy, Apt. 29202, Richardson, Texas 75080.

9.   Upon information and belief, defendants John Does Nos. 1-5 are natural persons whose identities are presently unknown to plaintiffs.

<u>The Business of Plaintiffs</u>

10.   Each plaintiff publishes a variety of works, including educational books.

11.   As a standard practice, each plaintiff requires its authors to assign the copyrights to them or grant them the exclusive rights of reproduction and distribution in the United States.  This practice enables each plaintiff to maximize the dissemination of each work.

12.   Plaintiffs invest significant monies to publish their copyrighted works.  Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

13.   Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced.  A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or

journals.  This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

14.  An important part of plaintiffs' business is derived from publishing college textbooks.  College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

15.  Instructors' solutions manuals are important supplementary materials.  Professors use instructors' solutions manuals to aid in grading homework.  Students, however, use instructors' solutions manuals to cheat.  Professors are less likely to select a textbook if the instructors' solutions manuals are freely and/or widely available.  Accordingly, plaintiffs do not sell their instructors' solutions manuals, and tightly control their distribution to known faculty.

16.  Plaintiffs routinely register their copyrights. Pearson has registered the works identified on Schedule A (the "Pearson Copyrights").  Wiley has registered the works identified on Schedule B (the "Wiley Copyrights").  Thomson has registered the works identified on Schedule C (the "Thomson Copyrights"). McGraw-Hill has registered the works identified on Schedule D (the "McGraw-Hill Copyrights").

17.  Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

4

18.   Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson's rights therein, the well-known trademarks "Pearson," "Pearson Education" and "Prentice Hall."  Pearson's affiliate corporation Addison Wesley Longman, Inc., is the owner of, and Pearson is the exclusive licensee of, with the accompanying right and duty to protect and enforce its and its affiliate company's rights therein, the well known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks").  The United States Registrations for the Pearson Trademarks are identified on Schedule E.

19.   Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks").  The United States Registrations for the Wiley Trademarks are identified on Schedule F.

20.   Among Thomson's well-known trademarks are "Thomson Learning" (the "Thomson Trademarks").  The United States Registrations for the Thomson Trademarks are identified on Exhibit G.

21.   Among McGraw-Hill's well-known trademarks are "McGraw Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks").  The United States Registrations for the McGraw-Hill Trademarks are identified on Schedule H.

## The Infringing Acts of Defendants

22.  Defendants have without permission reproduced and sold copies of plaintiffs' works, including works containing the Pearson, Wiley, Thomson, or McGraw-Hill Trademarks.  Specifically, defendants have reproduced and sold electronic copies of plaintiffs' instructors' solutions manuals through online sales at www.abebooks.com.

### FIRST CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

23.  Plaintiffs repeat the averments contained in paragraphs 1 through 22 as if set forth in full.

24. Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

25.  Wiley has received the United States Certificates of Copyright Registration for the Wiley Copyrights.

26.  Thomson has received United States Certificates of Copyright Registration for the Thomson Copyrights.

27.  McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

28.  The Pearson, Wiley, Thomson and McGraw-Hill Copyrights are valid and enforceable.

29.  Defendants have infringed the Pearson, Wiley, Thomson and McGraw-Hill Copyrights in violation of 17 U.S.C.

§ 501.

30.   Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries.   Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Wiley, Thomson and McGraw-Hill Copyrights.

31.   Defendants have willfully infringed the Pearson, Wiley, Thomson and McGraw-Hill Copyrights.

32. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement – 15 U.S.C. § 1114(a))

33.   Plaintiffs repeat the averments contained in paragraphs 1 through 32 above as if set forth in full.

34.   Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and enforce Pearson's rights therein.   Pearson's licensor parent and affiliate companies have obtained numerous United States Trademark Registrations for the Pearson Trademarks.

35.   Wiley owns the Wiley Trademarks, for which it has obtained numerous United States Trademark Registrations.

36.   Thomson owns or is the exclusive licensee of the Thomson Trademarks, with the accompanying right and duty to protect and enforce all rights therein.  Thomson or its licensors own the Thomson Trademarks, for which Thomson or its licensors have obtained numerous United States Trademark Registrations.

37.   McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

38.   The Pearson, Wiley, Thomson and McGraw-Hill Trademarks are valid and enforceable.

39.   Defendants have infringed the Pearson, Wiley, Thomson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by using them on and/or in connection with the works that they have sold.

40.   Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so.  The damage to plaintiffs includes harm to their good will and reputation in the marketplace for which money cannot compensate. Plaintiffs are particularly concerned that their trademarks are used in connection with unauthorized electronic products, which could contain malicious viruses.  Plaintiffs have no adequate remedy at law for these wrongs.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining

and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley, Thomson and McGraw-Hill Trademarks or any colorable imitation of them.

41.   Defendants have willfully infringed the Pearson, Wiley, Thomson and McGraw-Hill Trademarks.

42.   Plaintiffs are entitled to recover (1) defendants' profits from the infringing works, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting – 15 U.S.C. § 1117)

43.   Plaintiffs repeat the averments contained in paragraphs 1 through 42 above as if set forth in full.

44.   In connection with the sale of their unlawfully reproduced instructors' solutions manuals, defendants have used counterfeits of the Pearson, Wiley, Thomson and McGraw-Hill Trademarks.

45.   Based upon defendants' use of the counterfeit marks in connection with the sale of the unlawfully reproduced works, plaintiffs are entitled to treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c).

### FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

46.   Plaintiffs repeat the averments contained in paragraphs 1 through 45 above as if set forth in full.

47. Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably.  The damage to plaintiffs includes harm to their goodwill and reputation in the marketplace for which money cannot compensate.  Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley, Thomson and McGraw-Hill Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Thomson and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.   Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willfull infringement of the Pearson, Wiley, Thomson and McGraw-Hill Copyrights;

C.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Thomson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

D.   Awarding plaintiffs their damages and/or defendants' profits from their willful infringement and/or counterfeiting of the Pearson, Wiley, Thomson and McGraw-Hill Trademarks pursuant to 15 U.S.C. § 1117(a);

E.   Awarding plaintiffs treble damages, treble profits and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c);

F.   Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

G.   Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

H.   Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

I.   Granting such other and further relief as to this

Court seems just and proper.

Dated:   New York, New York
         February 28, 2007

                              PERKINS & DUNNEGAN

                              By ___William Dunnegan___
                                 William Dunnegan (WD9316)
                                 Megan L. Martin (MM4396)
                              Attorneys for Plaintiffs
                                Pearson Education, Inc.,
                                John Wiley & Sons, Inc.
                                Thomson Learning Inc. and
                                The McGraw-Hill Companies, Inc.
                              45 Rockefeller Plaza
                              New York, New York 10111
                              (212) 332-8300

Schedule A
"Pearson Copyrights"

<u>Title</u>    <u>(Date of Registration)</u>        <u>(Registration #)</u>

1.   A First Course in Probability, 7th Edition (January 17, 2006)  (TX-6-304-470)

2.   Applied Numerical Analysis, 6th Edition (January 26, 1999) (TX-4-930-805)

3.   Applied Strength of Material, 4th Edition  (July 11, 2001) (TX-5-355-806)

4.   Computer Networks, 4th Edition  (September 5, 2002) (TX-5-619-281)

5.   Digital Communications: Fundamentals and Applications, 2nd Edition (April 25, 2005) (TX6-116-972 )

6.   Digital Signal Processing: Principles, Algorithms and Application, 4th Edition (May 23, 2006) (TX-6-347-802)

7.   Discrete-Time Signal Processing, 2nd Edition  (April 25, 2005) (TX6-116-972)

8.   Econometric Analysis, 5th Edition  (September 27, 2002) (TX-5-618-734)

9.   *Electric Circuits, 7$^h$ Edition by James W. Nilsson

10.  Engineering Mechanics Statics, 4th Edition  (October 1, 2004) (TX6-049-376)

11.  Engineering Mechanics Statics, 10th Edition (September 11, 2003) (TX5-819-119)

12.  *Engineering Mechanics Statics & Dynamics, 11th Edition by Russell C. Hibbeler

13.  Feedback Control of Dynamic Systems, 4th Edition (June 15, 2002) (TX5-475-773)

14.  International Economics: Theory and Policy, 6th Edition (August 29, 2002) (TX-5-604-947)

15.   Introduction to Quantum Mechanics, 2nd Edition  (May 4, 2004)(TX5-959-250)

16.   Linear Algebra with Applications, 3rd Edition (TX-6-005-808) (July 22, 2004)

17.   Mechanics of Materials, 6th Edition by Russell C. Hibbeler (January 17, 2006)  (TX6-288-609)

18.   Partial Differential Equations and Boundary Value Problems with Fourier Series, 2nd Edition (June 23, 2004) (TX5-990-973)

19.   Physics: Principles with Applications, Vol I  6th Edition  (April 16, 2004)(TX-5-961-576)

20.   Physics for Scientists &  Engineers, 3rd Edition February 18, 2000)  (TX-5-136-541)

21.   RF Circuit Design: Theory & Applications, 1st Edition March 14, 2000) (TX-5-148-992)

22.   Signals & Systems, 2nd Edition  (April 25, 2005)  (TX6-116-972)

23.   System Dynamics, 3rd Edition  (December 2, 1997)  (TX-4-674-034 )

24.   The C Programming Language, 2nd Edition  (June 17, 1988) (TX-2-341-624 )

25.   Thomas' Calculus, Early Transcendentals, 10th Edition (February 4, 2003)  (TX-5-680-128 )

26.   Wireless Communications:  Principles and Practice, 2nd Edition  (January 15, 1992)  (TX-5-475-667)

Schedule B
"Wiley Copyrights"

Title (Date of Registration) (Registration #)

1.   Analog Integrated Circuit Design (February 14, 1997) (TX-4-491-581)

2.   Analysis and Design of Analog Integrated Circuits, Fourth Edition (April 30, 2001) (TX-5-377-540)

3.   Applied Statistics and Probability for Engineers, Third Edition (November 12, 2002) (TX-5-612-548)

4.   Automatic Control Systems, Eighth Edition (November 20, 2002) (TX-5-622-535)

5.   Big C++ (April 30, 2004) (TX-5-954-807)

6.   Big Java (February 28, 2002) (TX-5-487-935)

7.   Classical Electrodynamics, Third Edition (August 5, 1998) (TX-4-828-741)

8.   Communication Systems, Fourth Edition (June 9, 2000) (TX-5-230-210)

9.   Control Systems Engineering, Fourth Edition (October 3, 2003) (TX-5-800-945)

10.  Design and Analysis of Experiments, Sixth Edition (February 18, 2005) (TX-6-120-647)

11.  Elementary Differential Equations, Seventh Edition (August 25, 2000) (TX-5-257-588)

12.  Elementary Differential Equations and Boundary Value Problems, Seventh Edition (August 25, 2000) (TX-5-257-588)

13.  Engineering Fluid Mechanics, Seventh Edition (January 2, 2001) (TX-5-327-699)

14.  Fundamentals of Fluid Mechanics, Fifth Edition (May 2, 2005) (TX-6-169-180)

15.  Fundamentals of Heat and Mass Transfer, Fifth Edition (October 25, 2001) (TX-5-457-784)

16.  Fundamentals of Machine Component Design, Third Edition (March 27, 2003) (TX-5-752-683)

17.  Fundamentals of Physics: Extended, Fifth Edition (March 7, 1997) (TX-4-493-075)

18.  Fundamentals of Physics: Part 1, Seventh Edition (February 4, 2004) (TX-5-914-662)

19.  Fundamentals of Physics: Part 2, Seventh Edition (February 18, 2004) (TX-5-914-834)

20.  Fundamentals of Physics: Part 3, Seventh Edition (May 7, 2004) (TX-5-960-569)

21.  Fundamentals of Physics: Part 4, Seventh Edition (July 2, 2004) (TX-5-991-938)

22.  Fundamentals of Physics: Part 5, Seventh Edition (July 16, 2004) (TX-6-002-242)

23.  Fundamentals of Thermodynamics, Sixth Edition (November 12, 2002) (TX-5-612-550)

24.  Introduction to Fluid Mechanics, Sixth Edition (August 12, 2003) (TX-5-783-343)

25.  Introduction to Heat Transfer, Fourth Edition (April 7, 2004) (TX-5-951-039)

26.  Introduction to Solid State Physics, Eighth Edition (January 18, 2005) (TX-6-091-857)

27.  Objects, Abstraction, Data Structures and Design: Using C++ (November 14, 2005) (TX-6-269-467)

28.  Objects, Abstraction, Data Structures and Design: Using Java (September 29, 2004) (TX-6-031-805)

29.  Objects, Abstraction, Data Structures and Design: Using Java Version 5.0 (February 1, 2005) (TX-6-106-037)

30.  Physics Instructor's Manual, Fifth Edition, Volumes I and II (January 21, 2005) (TX-6-101-288)

31.  Physics, Sixth Edition (August 15, 2003) (TX-5-802-903)

32.  Signals and Systems, Second Edition (September 19, 2002)
     (TX-5-653-714)

Schedule C
"Thomson Copyrights"

<u>Title</u>     (<u>Date of Registration</u>)   (<u>Registration #</u>)

1.   Physics for Scientists and Engineers, (11/13/2003)(TX 5-867-522)

2.   Multivariable Calculus, (7/2/1998) (TX 4-821-085)

3.   Classical Dynamics of Particles and Systems, (7/30/2003) (TX 5-827-168)

4.   Analytical Mechanics, (4/6/2004)(TX 5-948-682)

5.   Calculus, (7/16/1999) (TX 4-241-945)

6.   Statistical Inference, (7/16/2001) (TX 5-418-275)

7.   robability and Statistics for Engineering and the Sciences, (7/30/2003) (TX 5-790-230)

8.   Principles of Economics, (9/29/2006) (TX 6-434-553)

Schedule D
"McGraw-Hill Copyrights"

<u>Title</u>      (<u>Date of Registration</u>)    (<u>Registration #</u>)

1.   Thermodynamics: An Engineering Approach, (5/9/1989) (TX 2-569-706)

2.   Semiconductor Physics And Devices, (5/15/1992) (TX 3-316-969)

3.   Digital Communications, (8/2/1995) (TX 4-019-878)

4.   Engineering Electromagnetics, (1/15/1981) (TX 619-692)

5.   Design of Analog CMOS Integrated Circuits, (1/25/2001) (TX 5-339-805)

6.   Fundamentals of Electric Circuits, (9/13/1999) (TX 5-060-490)

7.   Fluid Mechanics, (5/3/1979) (TX 239-955)

8.   Digital Signal Processing: A Computer-Based Approach, (7/30/1997) (TX 4-601-311)

9.   Thermodynamics: An Engineering Approach, (4/23/04) (TX 5-954-188)

10.  Mechanics of Materials, (11/15/1993) (TX 3-679-182)

Schedule E
"Pearson Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. "Pearson" | 2,600,081 | 041 |
| 3. "Pearson" | 2,652,792 | 009, 016 |
| 4. "Pearson" | 2,679,355 | 016 |
| 5. "Pearson" | 2,691,830 | 041 |
| 6. "Pearson" | 2,694,359 | 009 |
| 7. "Prentice-Hall" | 1,332,044 | 016 |
| 8. "Prentice-Hall" | 1,332,639 | 042 |
| 9. "Prentice-Hall" | 1,375,654 | 009 |
| 10. "Addison Wesley" | 2,188,798 | 016 |
| 11. "Addison-Wesley" | 2,400,130 | 016 |

Schedule F
"Wiley Trademarks"

|    | U.S. Trademark | Registration Number | Class |
|----|----------------|---------------------|-------|
| 1. | "JW" Colophon | 2,168,941 | 009, 042 |
| 2. | "Wiley" | 1,003,988 | 009, 016, 036, 038 |
| 3. | "Wiley" | 2,159,987 | 009, 042 |

Schedule G
"Thomson Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Thomson Learning" | 2,810,953 | 009, 016, 041 |
| 2. "Thomson Learning" | 2,926,467 | 035 |

Schedule H
"McGraw-Hill Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" Bug | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37, 38,39,40,41,42 |
| 4. "Irwin" | 1,718,118 | 16 |